IN THE DISTRICT COURT IN AND FOR WAGONER COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| CHAR STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CJ-2019-0137 |
| | ) | |
| BOARD OF COUNTY | ) | |
| COMMISSIONERS OF WAGONER | ) | |
| COUNTY, STATE OF OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

WAGONER COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT
APR 25 2019
JAMES E. HIGHT
COURT CLERK

**PETITION**

Plaintiff Char Stevens ("Stevens") for her claims and causes of action against the Defendant, Board of County Commissioners of Wagoner County, State of Oklahoma, ("Wagoner County"), and states as follows:

**1. Parties, Jurisdiction and Venue**

1. The Plaintiff Char Stevens at the time of the incidents occurring herein was a resident of Wagoner County, Oklahoma. At all relevant times, Plaintiff was an employee of the Board of County Commissioners of Wagoner County, State of Oklahoma.

2. Defendant Board of County Commissioners of Wagoner County, State of Oklahoma, is a political subdivision of the State of Oklahoma.

3. Stevens received her Right to Sue letter from the U.S. Equal Employment Opportunity Commission - Oklahoma City Area Office on or after February 13, 2019.

4. Jurisdiction and venue in this Honorable Court are proper.

FILED
WAGONER COUNTY CLERK
2019 MAY -6 AM 9: 52
LORI HENDRICKS
COUNTY CLERK

-1-

Exhibit 2

## 2. Background Allegations

5. Stevens (Date of birth: August 20, 1942) was originally hired by Wagoner County on March 24, 2011 to work in the courthouse.

6. In February, 2017, she was transferred to the Emergency Management Department of Wagoner County.

7. Prior to her transfer to the Emergency Management Department, the County Clerk, Lori Hendricks ("Hendricks"), told Stevens she was going to fire her because of her age.

8. Stevens believes Hendricks knew she would not be able to find another job because of her age.

9. During Stevens' tenure in the courthouse of Wagoner County (March, 2011-February, 2017), her salary was only increased by $2,100.00 per year.

10. Stevens' starting salary with Wagoner County in March, 2011 was $1,900 per month.

11. During the period of Stevens' tenure in the courthouse of Wagoner County, despite the fact she only received raises totaling $1,800.00 per year over the six (6) years working for the County Clerk Hendricks office, others within the County Clerk's office received increases of as much as $7,000.00 per year.

12. When County Commissioner District 3 Tim Kelly ("Kelly") and Heath Underwood ("Underwood"), Director of the Emergency Management Department, heard Hendricks was planning on terminating Stevens, they created a position for Stevens in the Emergency Management Department.

13. On May 15, 2018, Kelly and Underwood came to Stevens' office in the Emergency Management building. Kelly told her, "this is your last day." Stevens said, "Tim, no notice?"

Kelly replied, "I'm giving you notice now - leave."

14. A couple of days before Stevens was terminated, Underwood came into her office and said, "I'm so glad you are here."

15. At no time was Stevens aware her job was in jeopardy.

16. At the time of her termination, all of her work was current and all Emergency Management accounts had been balanced with the County Clerk's office.

17. Stevens' job was executive assistant for Underwood and she officed in the Emergency Management building.

18. Upon information and belief, Kelly's office paid one-half of Stevens' salary and Underwood's office paid the other half.

19. Occasionally, Stevens would assist the County Commission District #3 office when needed.

20. While employed by the Emergency Management Department, Stevens was never given any official reprimands or discipline for any reason.

21. Since Stevens' involuntary termination of employment from Wagoner County, she has not been able to find any other employment. Her blood pressure has increased, she began taking anti-anxiety medication, she has recurring nightmares about being terminated, and has cried many days. She is now seeing a mental health counselor to help her adjust and has been diagnosed with Post-Traumatic Stress Disorder.

### FIRST CAUSE OF ACTION
### AGE DISCRIMINATION

22. Stevens was a member of a protected class because of her age, over 40. In fact, her age was 75 years of age (Date of Birth: August 20, 1942).

23. She was subjected to an adverse employment action, i.e., she was involuntarily terminated from her employment.

24. Upon information and belief, Stevens assigned duties are being done by a younger employee.

25. Stevens was qualified to the job from which she was discharged. Stevens was terminated from her position with Wagoner County because of her age in violation of the Age Discrimination in Employment Act.

26. As a result of Wagoner County's discriminatory actions, Stevens is entitled to damages for lost pay and benefits, front pay and benefits, compensatory damages and attorneys fees and costs.

Respectfully submitted,

*Jean Walpole Coulter*

Jean Walpole Coulter, OBA # 9324
Jean Walpole Coulter & Associates, Inc.
406 South Boulder, Suite 712
Tulsa, Oklahoma 74103
(918) 583-6394
(918) 583-6398 FAX
jeancoult@aol.com